IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:23-cv-00179-KDB-DCK

| | |
|---|---|
| ALANA MARIE SOUZA a/k/a ALANA CAMPOS, ANDRA "ANA" CHERI MORELAND, CIELO JEAN "CJ" GIBSON, CLAUDIA SAMPEDRO, DENISE "MILANI" TRLICA, LUCY PINDER, DESSIE MITCHESON, EVA PEPAJ, JESSICA BURCIAGA, JESSICA "JESSA" HINTON, JESSICA "CHARM" KILLINGS, LEANNA DECKER, LINA POSADA, MARIANA DAVALOS, MASHA LUND, MONICA LEIGH BURKHARDT, PAOLA CAÑAS, RHIAN SUGDEN, SANDRA VALENCIA, TIFFANY GRAY a/k/a TIFFANY TOTH, TYRAN RICHARDS, and VIDA GUERRA, <br><br> Plaintiffs, <br><br> v. <br><br> CD OF CATAWBA COUNTY, LLC d/b/a LA RUMBA DE CACHE and ALFANSO GIOVANNY MEMBRENO, <br><br> Defendants. | **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs Alana Marie Souza a/k/a Alana Campos, Andra "Ana" Cheri Moreland, Cielo Jean "CJ" Gibson, Claudia Sampedro, Denise "Milani" Trlica, Lucy Pinder, Dessie Mitcheson, Eva Pepaj, Jessica Burciaga, Jessica "Jessa" Hinton, Jessica "Charm" Killings, Leanna Decker, Lina Posada, Mariana Davalos, Masha Lund, Monica Leigh Burkhardt, Paola Cañas, Rhian Sugden, Sandra Valencia, Tiffany Gray a/k/a Tiffany Toth, Tyran Richards, and Vida Guerra (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move this

1

Court for a default judgment in favor of Plaintiffs and against defendants CD of Catawba County, LLC d/b/a La Rumba De Cache ("CD of Catawba") and Alfanso Giovanny Membreno ("Membreno"), (collectively, "Defendants"), and in support of said motion, state as follows:

## STATEMENT OF UNDISPUTED FACTS

*Substantive Allegations*

As set forth in Plaintiffs' Complaint ("Compl.;" Dkt. 1), Plaintiffs are well-known professional models who earn their livelihood licensing their identity, image, and likeness (collectively "Images") to select clients, commercial brands, and media and entertainment outlets. Compl., ¶ 37. Each Plaintiff relies on her professional reputation for modeling, acting, hosting and other professional opportunities, has worked to establish herself as reliable, reputable and professional, and it is each Plaintiff's reputation and status in the modeling industry, and the attendant notoriety each has achieved, that allows and ensures that each Plaintiff will continue to book jobs. *Id.* at ¶ 38. In furtherance of her career, each Plaintiff seeks to control the use and dissemination of her image, is consulted on and participates in the negotiation, vetting and selection of modeling, acting, brand spokesperson or hosting engagements, and each has been vigilant in building and protection her brand from harm, taint, or other diminution. *Id.*, ¶ 38.

During the relevant time period CD of Catawba County, LLC owned La Rumba De Cache ("La Rumba" or the "Club"), a night club in Hickory North Carolina, where it engaged in the business of selling alcohol in a sexually-charged atmosphere. *Id.* at ¶ 112. In furtherance of their promotion of La Rumba, CD of Catawba County, LLC owned, operated and controlled La Rumba's social media accounts, including La Rumba's Facebook, Twitter, and Instagram accounts, and used such social media to post advertisements for La Rumba. *Id.* at ¶¶ 113, 114. Many of these advertisements contained Images of Plaintiffs, which had been misappropriated,

2

and intentionally altered, by Defendants to make it appear that Plaintiffs worked at or endorsed La Rumba. *Id*. at ¶¶ 39, 47, 50, 53, 56, 59, 62, 65, 68, 71, 74, 77, 80, 83, 86, 89, 92, 95, 98, 101, 104, 107, 110, 116, 117, 125, 142. In the case of each Plaintiff, such appearance was false, and occurred without any Plaintiff's knowledge, consent, or authorization, and without remuneration to any Plaintiff. *Id*. at ¶¶ 40, 41, 42, 48, 51, 54, 57, 60, 63, 66, 69, 72, 75, 78, 81, 84, 87, 90, 93, 96, 99, 102, 105, 108, 111, 116, 117, 119, 125, 127, 131, 134, 155, 156, 162, 197.

*Procedural History*

Plaintiffs filed this action on November 7, 2023, Dkt. 1, and on November 28, 2023, Defendants CD of Catawba County, LLC d/b/a La Rumba De Cache, and Alfanso Giovanny Membreno, were served with the Summons and Complaint. Dkt. 7 and 8. Having been served on November 28, 2023, Defendants' deadline to answer, respond, or otherwise move against the complaint was December 19, 2023. Neither Defendants having answered or moved against the Complaint, on March 29, 2024, Plaintiffs filed their Request for Entry of Default as to both Defendants, Dkt. 9, which the Clerk of the Court entered on April 1, 2024, Dkt. 10.

## ARGUMENT

I. **DEFENDANTS' WILLFUL NON-APPEARANCE SUPPORTS A FINDING OF LIABLITY ON EACH CAUSE OF ACTION.**

Pursuant to the Federal Rules of Civil Procedure, once the clerk of court has entered a default, the party seeking the default must apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2). The Fourth Circuit has instructed that in determining whether to enter a default judgment, three specific factors have been developed to assist trial courts in exercising their discretion: (1) whether the default was willful; (2) whether the defaulting party presents meritorious defenses; and (3) whether the nondefaulting party will be substantially prejudiced if relief from the default is granted." *United States to Use of Combustion Systems Sales, Inc. v.*

*Eastern Metal Products and Fabricators, Inc.*, 112 F.R.D. 685, 690 (M.D.N.C. 1986). Each of these factors weighs heavily in Plaintiffs' favor, especially the prejudice Plaintiffs will suffer if Defendants, having been put on notice of this lawsuit months ago, will be able to escape liability despite completely ignoring this action. Plaintiffs' claims as set forth in the Complaint each emanate from the same illicit behavior: Defendants' misappropriation of each Plaintiff's image and likeness and subsequent use of them in advertisements for La Rumba. Though each claim has different elements, as set forth in the Complaint, there is no dispute as to whether any Plaintiff ever consented to Defendants' use of her images for commercial purposes, and Defendants' failure to appear and defend against these claims, when they are obviously on notice of them, *see* Dkt. 7 and 8, should constitute an admission that they did not have the consent required to use Plaintiffs' images in advertising. Considering this, the Court should enter an Order granting Plaintiffs' motion for default judgment against each Defendant as to each cause of action in the Complaint.

## II. PLAINTIFFS ARE ENTITLED TO DAMAGES, COSTS, FEES AND INJUNCTIVE RELIEF RELATING TO DEFENDANTS' MISAPPROPRIATIONS.

Submitted as **Exhibit A** is the Declaration of Plaintiffs' valuation expert, Stephen Chamberlin, who was engaged to evaluate and value retroactively the compensation each Plaintiff should have received for the use of her images by Defendants. Mr. Chamberlin provides in his Declaration the basis of his valuation opinion as to each Plaintiff and he has opined that Plaintiffs' damages based upon a fair market value analysis (and exclusive of disgorgement of profits and/or special, consequential, exemplary or punitive damages) is a total $540,000.00.

In addition, Plaintiffs are entitled to an order permanently enjoining Defendants from using their images in commercial advertising, as well as all costs and attorneys' fees incurred prosecuting this action.

To the extent the Court does not conclude that Mr. Chamberlin's declaration sufficiently establishes the fair market value of Defendants' use of Plaintiffs' images for commercial purposes, Plaintiffs respectfully request the Court conduct an inquest pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure such that Plaintiffs may be afforded the opportunity to put before the Court evidence of their damages.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion for default judgment on each count of the Complaint; award Plaintiffs damages in the amount of $540,000.00 or schedule an inquest on the issue of Plaintiffs' damages; issue an order permanently enjoining Defendants from using Plaintiffs' images and likeness in commercial advertising; and issue an order awarding Plaintiffs all costs and attorneys' fees incurred prosecuting this action, and affording Plaintiffs a reasonable time following entry of the Court's judgment to apprise the Court of those costs and fees.

Dated: New York, New York
May 13, 2024

By: */s/ John V. Golaszewski*
John V. Golaszewski, Esq.*
The Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York 10019
Main: 855-267-4457
Direct: (646) 872-3178
Fax: 855-220-9626
john@talentrights.law
*Admitted *Pro Hac Vice*
*Attorneys for Plaintiffs*

*/s/ Matthew R. Gambale*
Matthew R. Gambale
N.C. Bar No. 43359
OSBORN GAMBALE BECKLEY & BUDD PLLC
721 W. Morgan Street

Raleigh, North Carolina 27603
matt@counselcarolina.com
T: 919.373.6422
F. 919.578.3733

*Local Civil Rule 83.1(d) Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 13th day of May 2024.

I further certify that after filing this document through the CM/ECF system I caused the parties or counsel of record to be served by mail (via USPS) as follows:

CD of Catawba County, LLC d/b/a La Rumba De Cache
c/o CD of Catawba County, Registered Agent
534 Hwy 70 SW, Suite 101
Hickory, NC 28302-3256

and

Alfonso Giovanny Membreno
1636 6th Street SE
Hickory, NC 28602

*/s/ John V. Golaszewski*